**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1278

EDDIE S. NEAL,

      Plaintiff – Appellant,

   v.

LONNIE W. LUEDTKE; RALPH P. OAKES; THE CITY OF CRISFIELD,

      Defendants – Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:15-cv-01030-RDB)

Argued:  September 14, 2017               Decided:  November 21, 2017

Before GREGORY, Chief Judge, and SHEDD and DUNCAN, Circuit Judges.

Affirmed by unpublished opinion. Judge Shedd wrote the opinion, in which Chief Judge Gregory and Judge Duncan joined.

**ARGUED:** Luke Americus Rommel, ROMMEL & ASSOCIATES, LLC, Salisbury, Maryland, for Appellant.  John Francis Breads, Jr., Hanover, Maryland, for Appellees. **ON BRIEF:** Matthew D. Peter, LOCAL GOVERNMENT INSURANCE TRUST, Hanover, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Eddie S. Neal appeals the summary judgment entered against him on his claims against City of Crisfield, Maryland, police officers Lonnie W. Luedtke and Ralph P. Oakes. We affirm.[1]

I

The City of Crisfield is located in Somerset County. At times relevant to this case, Neal resided at a dwelling which has a mailing address of Crisfield but which is located in an unincorporated area of the county approximately one mile outside city limits. Neal alleges in his 42 U.S.C. § 1983 complaint that he has had "extensive, prior interaction" with the City and Officers Luedtke and Oakes, including a 2010 conviction for possession with intent to distribute, J.A. 8, and that the officers violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution by "wrongfully and maliciously initiat[ing] an unlawful criminal investigation against [him], outside the jurisdiction of the City of Crisfield," J.A. 7. Neal describes his complaint as setting forth two theories: "First, the . . . entire investigation that led to his arrest, from start to finish, occurred outside known, lawful jurisdictional boundaries. Second, even if the . . . investigation had occurred within lawful jurisdictional boundaries, it was nonetheless malicious, objectively unreasonable, retaliatory, and from a factual standpoint, largely false or made up." *Brief of Appellant*, at 6.

---

[1]The district court dismissed Neal's claims against the City based on his failure to adequately plead a municipal liability claim under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). Neal does not challenge that ruling.

The investigation included controlled drug purchases from Neal's residence and a judicially authorized search of that residence, and it eventually led to Neal's indictment and arrest for drug crimes under Maryland law. However, a state court dismissed the indictment, reasoning that the officers violated Maryland Criminal Code § 5-802 by executing the search warrant in the county, outside their jurisdiction. Section 5-802 authorizes local law enforcement officers to investigate and enforce the Maryland Controlled Substances Act "throughout the State without any limitation as to jurisdiction and to the same extent as a law enforcement officer of the Department of State Police," but it specifies that "[i]f action is taken under the authority granted in this section, notification of an investigation or enforcement action shall be made . . . in a county without a police department, to the sheriff or designee of the sheriff." The state court ruled that even though the officers conducted the investigation with the knowledge of two Somerset County deputy sheriffs,[2] they did not notify the sheriff or his designee of their investigation. The State did not appeal the dismissal of the indictment.

Before discovery had been conducted in this case, the officers moved for summary judgment, arguing that they did not violate Neal's constitutional rights and/or that they are entitled to qualified immunity, which attaches when a government official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See White v. Pauly*, 137 S.Ct. 548, 551 (2017).

---

[2]In addition to members of the sheriff's office, the State's Attorney's office was aware of the investigation, and the Maryland State Police assisted in executing the search.

3

The officers submitted 15 supporting exhibits into the record. Neal responded with two brief affidavits, his and his attorney's, both of which contain identical requests for discovery to proceed "to affirm or rebut the 'facts' cited by Defendants, which are outside the scope of the Complaint, and including those relative to [their] motive and intent." J.A. 103, 105. Additionally, in his affidavit Neal disputed that the officers "acted in good faith," claiming that they had repeatedly targeted him and that the "only reason" they investigated him "was because they had dealt with [him] in the past." J.A. 103. In his summary judgment legal memorandum, Neal reiterated that "[w]hat is disputed before the discovery phase of this litigation, is the factual question of Defendants' motive and intent." J.A. 121.

The district court granted the officers' motion. Relying on *United States v. Atwell*, 470 F.Supp.2d 554 (D. Md. 2007),[3] the court noted that an arrest outside a law enforcement officer's territorial jurisdiction does not, by itself, rise to the level of a constitutional violation and explained that a number of factors potentially bear on the reasonableness of an extra-jurisdictional arrest. The court stated that the primary factor is the existence of probable cause and then listed other factors, including the degree of the officer's compliance with state law; whether the officer was acting between political subdivisions of the same state; whether exigent circumstances existed; the location where the offense or crime originated; whether the officer knew that he lacked authority to make

---

[3]In *Atwell*, the court denied a criminal pretrial suppression motion premised on the fact that the arrest occurred outside the arresting officer's territorial jurisdiction. The court held that the arrest was unauthorized but reasonable under the Fourth Amendment.

4

an arrest; whether the officer blatantly disregarded state law and the chain of command; the motivation behind the state statute limiting territorial jurisdiction and whether it was designed to protect against unreasonable police behavior; and the state's interest in making a particular type of arrest. J.A. 117.[4]

Applying these factors, the district court summarized the evidence submitted by the officers in support of their application for the warrant to search Neal's residence. Based on this evidence, and because the state court issued the warrant, the court found that the officers had probable cause to search Neal's residence. Looking at the other factors, the court concluded that the officers reasonably believed they were in compliance with § 5-802 because they notified two members of the Somerset County Sheriff's Office of their investigation; the officers were acting between two political subdivisions within the State of Maryland; there was an exigency in terminating the conduct being perpetrated at Neal's residence because the investigation involved felony-level narcotics violations; and § 5-802 was intended to allow more liberal enforcement of the Maryland controlled substances laws by authorizing statewide drug investigations by local law enforcement agencies. Ultimately, the court concluded that "the totality of the *Atwell* factors suggests that a constitutional violation did not occur in this case." J.A. 121.

---

[4]Neal was actually arrested by Somerset County deputies in Somerset County. *See* J.A. 28. Therefore, the pertinent focus of this case is actually the officers' procurement and execution of the search warrant in the county, rather than the arrest. This fact, however, does not alter the analysis.

Turning to Neal's opposition to the motion and the affidavits he submitted, the district court noted that, contrary to Neal's position, the officers' motive and intent are not relevant to the qualified immunity analysis. The court then held that because Neal failed to present any evidence to create a genuine issue of material fact, the officers "are entitled to qualified immunity as a matter of law." J.A. 122.

II

Neal contends that the district court erroneously granted summary judgment because it failed to permit him to engage in discovery and it relied on disputed facts.

Summary judgment should be granted on a claim or defense "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). We review an order granting summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 900 (4th Cir. 2017).

Unless a local rule or court order specifies otherwise, a party may move for summary judgment at any time until 30 days after the close of all discovery. *Fed. R. Civ. P.* 56(b). However, in order to prevent premature summary judgment, Rule 56(d) authorizes the district court to defer consideration of the motion and allow discovery to proceed if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." To obtain Rule 56(d) relief, the non-moving party bears the burden of showing how discovery could possibly create a genuine issue of material fact sufficient to survive summary judgment or

otherwise affect the court's analysis. *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015). We review an order denying Rule 56(d) relief for abuse of discretion. *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014).

Having carefully reviewed the record and the applicable law, and having had the benefit of oral argument, we find no basis to overturn the summary judgment. The primary issue considered by the district court was the officers' assertion of qualified immunity, which the court correctly recognized is determined using an "objectively reasonable" standard without regard for the officers' subjective intent. *See, e.g.*, *Park v. Shiflett*, 250 F.3d 843, 853 (4th Cir. 2001). As noted, the officers conducted the investigation with the knowledge of two members of the Somerset County Sheriff's Office, and it led to probable cause determinations sufficient to obtain the search warrant for Neal's residence and his indictment for drug violations. Under the circumstances of this case, we are not persuaded that the court either abused its discretion by denying Neal's request for discovery or erred by granting summary judgment against Neal based on the undisputed record presented.

We therefore affirm the summary judgment.

*AFFIRMED*